IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

-----------------------------------------------------------------------x

VICTORIA HALL,

                                      Plaintiff,

-against-

MICELI'S WATERFRONT RESTAURANT;
JOSEPH MICELI, co-owner of Miceli's
Waterfront Restaurant,

                                      Defendants.

**COMPLAINT**

Jury Trial Demanded

-----------------------------------------------------------------------x

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against her former employer, Miceli's Waterfront Restaurant, alleging gender discrimination in the form of sexual harassment, as well as retaliation for complaining about the harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA"). Plaintiff also alleges violations of state law against Joseph Miceli, the co-owner of the restaurant, and the restaurant itself, for acts that are part of the same case and controversy as plaintiff's discrimination and retaliation claims. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, as this action asserts violations of Title VII and therefore raises federal questions regarding the deprivation of plaintiff's rights.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her claims brought pursuant to the FCRA and Florida common law, which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1391(b) and (c), because plaintiff and defendants reside in Lee County and the incident in question occurred in Lee County.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## ADMINISTRATIVE REQUIREMENTS

6. Plaintiff timely filed an administrative charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). This charge was dual filed with the Florida Commission on Human Relations pursuant to its work-share agreement with the EEOC.

7. The EEOC issued plaintiff a right to sue letter on January 30, 2023, allowing her to bring suit within 90 days of her receipt of the letter. The EEOC did not make a finding as to the merits of the charge.

## PARTIES

8. Plaintiff is a resident of the State of Florida, Lee County.

9. Miceli's Waterfront Restaurant is a restaurant located in Lee County, and Joseph Miceli is a co-owner and one of the operators of the restaurant. Joseph Miceli's acts are imputed to the restaurant because he is an owner and operator of the restaurant.

## STATEMENT OF FACTS

10. Victoria Hall was employed as a server by defendants from July 1, 2022 until her termination on January 4, 2023.

11. Victoria always performed her job in a satisfactory manner and, although she did not receive written performance evaluations, she was told by managers and supervisors that she did her job well.

12. On December 29, 2022, Joseph Miceli, between approximately 1:00 p.m. and 1:30 p.m., touched Victoria's buttocks after running his hand down her back. This act repulsed Victoria, caused her emotional distress and was severe enough to alter the terms and conditions of her employment.

13. On December 29, 2022 between approximately 5:00 p.m. and 7:00 p.m., while Victoria was leaning against the bar at the restaurant, Miceli approached Victoria, stood right next to her, and leaned into her with his body causing her to lose her balance and push back to get him off her. This act repulsed Victoria, caused her emotional distress and was severe enough to alter the terms and conditions of her employment.

14. Defendants do not have a Human Resources office or signs conspicuously posted in the workplace indicating how an employee can complain about discrimination. The owners of the restaurant are Joseph Miceli and his brother, and their spouses are the managers.

15. Having no independent person to whom to complain about the sexual harassment, on December 29, 2022, Victoria complained to a co-worker concerning Miceli's misconduct and the co-worker subsequently told Miceli.

16. After Miceli was informed that Victoria was complaining about sexual harassment, on January 4, 2023, Miceli called the police and had Victoria removed from the workplace. In his call to the police, Miceli indicated he wanted Victoria removed because she was badmouthing management.

17. Victoria was terminated and the police issued Victoria a trespass notice, at Miceli's request, directing Victoria not to return to the property under

penalty of arrest and prosecution.  Miceli's acts were in retaliation for Victoria complaining about sexual harassment.

18.  On November 13, 2022, Victoria witnessed Joseph Miceli smack employee Jessica Wilkins in the buttocks, which contributed to the hostile work environment that existed in the workplace.

19.  As a result of the defendants' actions, plaintiff suffered emotional distress, embarrassment, humiliation, fear, anxiety, damage to her personal and professional reputation, and financial loss, including lost income and benefits.

## FIRST CLAIM

### GENDER DISCRIMINATION UNDER TITLE VII

**(Against defendant Miceli's Waterfront Restaurant)**

20. Defendant Miceli's Waterfront Restaurant discriminated against plaintiff in violation of Title VII with respect to the terms and conditions of her employment and subjected her to a hostile work environment on the basis of her gender.

21. Because the individual who perpetrated the discrimination, Joseph Miculi, was an owner and an operator of the restaurant, his conduct is imputed to the restaurant. *Brogdon v. Ala. Dep't of Econ. & Cmty. Affairs*, 864 F. Supp. 1161, 1165 (M.D. Ala. 1994) ("An employer is strictly liable under respondeat superior for the actions of its supervisors that amount to discrimination resulting in tangible

job detriment to the subordinate employee."); *Henson v. Dundee*, 682 F.2d 897, 909 (11th Cir. 1982) ("It necessarily follows from this premise that an employer is strictly liable for sexual discrimination by supervisors that causes tangible job detriment.").

22. Defendant's conduct caused plaintiff to suffer various personal injuries, as set forth in ¶ 19.

23. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages, and the other relief specified below in the Wherefore Clause, in an amount to be determined at trial.

## SECOND CLAIM

## RETALIATION UNDER TITLE VII

### (Against defendant Miceli's Waterfront Restaurant)

24. Defendant Miceli's Waterfront Restaurant retaliated against plaintiff by terminating her and calling the police to remove her in violation of Title VII because plaintiff engaged in the protected activity of complaining about discrimination.

25. Because the individual who perpetrated the retaliation. Joseph Miculi, was an owner and an operator of the restaurant, his conduct is imputed to the restaurant.

6

26. Defendant's conduct caused plaintiff to suffer various personal injuries, as set forth in ¶ 19.

27. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages, and the other relief specified below in the Wherefore Clause, in an amount to be determined at trial.

### THIRD CLAIM

### GENDER DISCRIMINATION UNDER THE FCRA

**(Against defendant Miceli's Waterfront Restaurant)**

28. Defendant Miceli's Waterfront Restaurant discriminated against plaintiff in violation of the FCRA with respect to the terms and conditions of her employment and subjected her to a hostile work environment on the basis of her gender.

29. Because the individual who perpetrated the discrimination, Joseph Miculi, was an owner and an operator of the restaurant, his conduct is imputed to the restaurant.

30. Defendant's conduct caused plaintiff to suffer various personal injuries, as set forth in ¶ 19.

31. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages, and the other relief specified below in the Wherefore Clause, in an amount to be determined at trial.

## FOURTH CLAIM

### RETALIATION UNDER THE FCRA

### (Against defendant Miceli's Waterfront Restaurant)

32. Defendant Miceli's Waterfront Restaurant retaliated against plaintiff in violation of the FCRA by terminating her and calling the police to remover her because she engaged in the protected activity of complaining about discrimination.

33. Because the individual who perpetrated the retaliation. Joseph Miculi, was an owner and an operator of the restaurant, his conduct is imputed to the restaurant.

33. Defendant's conduct caused plaintiff to suffer various personal injuries, as set forth in ¶ 19.

34. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages, and the other relief specified below in the Wherefore Clause, in an amount to be determined at trial.

## FIFTH CLAIM

## ASSAULT

## (Against all Defendants)

35. Under Florida law, an assault is an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril.

36. Joseph Miculi's conduct in touching plaintiff's buttocks and later leaning on her amounted to an assault because plaintiff feared imminent peril from the act itself and what Miculi would do next during the incidents, and because Miculi might slap plaintiff's buttocks as he did to another female employee.

37. Miceli's Waterfront Restaurant is vicariously liable for Miculi's assault because the acts were committed by virtue of the employer/employee relationship, Miculi's position of power, and the acts occurred in the workplace. *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV-MORE, 2020 U.S. Dist. LEXIS 99837, at *22 (S.D. Fla. June 8, 2020).

38. Defendant's conduct caused plaintiff to suffer various personal injuries, as set forth in ¶ 19.

39. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages, and the other relief specified below in the Wherefore Clause, in an amount to be determined at trial.

## SIXTH CLAIM

## BATTERY

### (Against all Defendants)

40. Under Florida law, battery is the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent.

41. Joseph Miculi's conduct in touching plaintiff's buttocks and later leaning on her amounted to a battery because plaintiff was subjected to harmful and offensive physical contacts.

42. Miceli's Waterfront Restaurant is vicariously liable for Miculi's battery because the acts were committed by virtue of the employer/employee relationship, Miculi's position of power, and the acts occurred in the workplace.

43. Defendants' conduct caused plaintiff to suffer various personal injuries, as set forth in ¶ 19.

44. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages, and the other relief specified below in the Wherefore Clause, in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Back and front pay;

d. Attorney's fees and costs;

e. Prejudgment and other lawful interest;

f. Such other and further relief as the Court may deem just and proper.

DATED: March 22, 2023

*/s/ Richard Cardinale*

_____
RICHARD CARDINALE (FBN 143332)
Attorney at Law
26 Court Street, Suite # 1507
Brooklyn, New York 11242
(718) 624-9391(o)
(917) 685-2853 (c)
richcardinale@gmail.com
website: richardcardinalelaw.com